UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAGELS-4-U, INC., <br><br> Plaintiff, <br><br> - against - <br><br> PAGE BAGELS AND DELI INC., d/b/a BAGELS 4U, and SYED GILLANI, <br><br> Defendants. | Civil Action No. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Bagels-4-U, Inc. ("**Plaintiff**" or "**Bagels-4-U**"), by and through its attorneys, Turek Roth Grossman LLP, as and for its Complaint against Defendants Page Bagels and Deli Inc., d/b/a Bagels 4U ("**Page Bagels**"), and Syed Gillani (collectively the "**Defendants**"), respectfully allege, on knowledge as to its own actions, and otherwise upon information and belief as follows:

## NATURE OF THIS ACTION

1. This is an action for: (i) infringement of Plaintiff's federally-registered trademark and service mark "Bagles-4-U", brought under 15 U.S.C. § 1114(1); (ii) unfair competition stemming from false designation of origin and false descriptions, brought under 15 U.S.C. § 1125(a); (iii) dilution, brought under 15 U.S.C. § 1125(c); (iv) contributory service mark infringement as construed by case law; (v) unfair competition, trademark infringement, and dilution, brought under the statutory and common law of New Jersey; and (vi) unfair competition, trademark infringement, and dilution, brought under and the common law of New York. All of Plaintiff's claims arise from Defendants' unauthorized use of the "Bagles-4-U" mark, in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendants' restaurant goods and services.

2. Plaintiff seeks injunctive and monetary relief.

1

**JURISDICTION & VENUE**

3. This Court has jurisdiction over this action pursuant to: (i) 15 U.S.C. § 1121 as Plaintiff's claims arise under the Lanham Act; (ii) 28 U.S.C. § 1331 as this action arises under federal law; and (iii) 28 U.S.C. § 1338 as this action arises under the Lanham Act, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. Venue is proper in this district: (i) under 28 U.S.C. § 1391(b)(1) as all Defendants reside in this district; and (ii) under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in this district.

**THE PARTIES**

5. Plaintiff Bagels-4-U is a New Jersey corporation, with its principal place of business located at 30 Stern Avenue, Springfield, New Jersey 07081. Plaintiff is a well-known proprietor of bagel stores throughout New Jersey operating under the trade name "Bagels-4-U".

6. Upon information and belief, Defendant Page Bagels is a New York Corporation, formed under the laws of the State of New York, with its principal place of business located at 289 Page Avenue, Staten Island, New York 10307. Prior to December 2017, Defendant operated under the trade name "Page Bagels and Deli".

7. Upon information and belief, Defendant Syed Gillani is an individual residing at 172 Crossfield Avenue, Staten Island, New York 10312, is the owner and sole proprietor of Defendant Page Bagels, and is solely responsible for the direction and control of its operations.

**FACTUAL BACKGROUND**

A. **Plaintiff's Trademarks**

8. Plaintiff is the owner of the trademark for the mark "Bagels-4-U", registered with the United States Patent and Trademark Office ("**USPTO**"), for use in goods and services

described as follows: "bagels, bagel chips, bagel sticks, and bagel sandwiches".[1]  Plaintiff is also the owner of the service mark "Bagles-4-U", registered with the USPTO, for use in goods and services described as follows: "restaurant services and retail food store services".[2]  The USPTO registrations for both Plaintiff's trademark and service mark for "Bagels-4-U" are in full force and effect, and are incontestable.  The foregoing USPTO registrations are attached hereto as "**Exhibit A**".

9.  Plaintiff has used the Bagels-4-U trademark, service mark, and trade name (collectively the "**Trademarks**") continuously in commerce within the United States for more than thirty-two (32) years, providing the goods and services detailed in the foregoing registrations, including the sale of bagels (and related products), and providing restaurant services.  Plaintiff's extensive history of utilizing the Trademarks in commerce has priority over Defendants infringing use which, upon information and belief, did not begin until December 2017.

10.  During Plaintiff's continuous use of the Trademarks, the company, brand, and associated mark have grown to include ten (10) storefront locations under the "Bagel-4-U" Trademarks.[3]  As a result of Plaintiff's longstanding use of the Bagels-4-U mark (and the high quality of its goods and services), the Trademarks have become widely known and famous

---

[1] Registration No. 1809433 (International Class 030 and United States Class 046).

[2] Registration No. 1789752 (International Class 042 and United States Classes 100 & 101).

[3] Plaintiff currently owns and operates ten bagel store locations at the following addresses: (i) Bagels-4-U Metuchen, 403 Main Street, Metuchen, NJ 08840; (ii) Bagels-4-U of Short Hills, 752 Morris Turnpike, Short Hills, NJ 07078; (iii) Bagels-4-U of East Hanover, 358 Route 10, East Hanover, NJ 07936; (iv) Bagels-4-U of Warren, Pheasant Run Plaza, 177 Washington Valley Road, Warren, NJ 07060; (v) Bagels-4-U of Bernardsville, Bernardsville Plaza Shopping, 80 Morristown Road, Store 1, Bernardsville, NJ 07924; (vi) Bagels-4-U of Kenilworth, 601 Boulevard, Kenilworth, NJ 07033; (vii) Bagels-4-U of Livingston, 69 E. Northfield Avenue, Livingston, NJ 07039; (viii) Bagels-4-U of Hillsborough, 409 Route 206, Hillsborough, NJ 08876; (ix) Bagels-4-U of Lamington, 1260 Route 28, North Branch, NJ 07936; (x) Bagels-4-U of Raritan, 21 Route 206 S., Raritan, NJ 08869.

throughout the New Jersey and New York region. Moreover, the Trademarks are closely associated with Bagels-4-U, Inc., and represent substantial and valuable goodwill.

11. Plaintiff has continuously operated bagel stores offering goods (including bagels, bagel chips, bagel sticks, and bagel sandwiches) and restaurant services under the Bagels-4-U mark since 1985. A copy of Plaintiff's menu is attached as "**Exhibit B**". Throughout its history, the company and storefront locations have grown to such great extent that Plaintiff owns and operates a manufacturing plant to support and distribute goods to the ten (10) bagel store locations throughout New Jersey.

12. As a result of its widespread, continuous, and exclusive use of the Bagels-4-U mark to identify its services (and Plaintiff as their source), Plaintiff possesses valid and subsisting federal statutory and common law rights to said Trademarks.

13. Plaintiff's Trademarks are distinctive to both the consuming public and Plaintiff's trade. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods and services, sold under the Bagels-4-U mark, including through its website and printed materials. Attached as "**Exhibit C**" is a reproduction of the home page from Plaintiff's website.

14. As a result of its distinctiveness and widespread use and promotion, Plaintiff's Trademarks are famous marks within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and became famous prior to the acts of the Defendants alleged herein.

B. **Defendants' Unlawful Activities**

15. Defendants own and operate a bagel store at 289 Page Avenue, Staten Island, New York. Defendants offer the exact same goods (including bagels, bagel chips, bagel sticks, and

bagel sandwiches) and restaurant services as Plaintiff. Until December 2017, Defendants operated exclusively under the trade name "Page Bagels and Deli".

16. Without Plaintiff's authorization, and beginning well after Plaintiff acquired protectable exclusive rights in its Trademarks, Defendant adopted and began using the mark "Bagels 4U" (the "**Infringing Mark**") in U.S. commerce. Specifically, in December 2017, in an attempt to profit off the good-will and reputation of Plaintiff's Trademarks (and due to the businesses' close proximity[4] to each other/likelihood of name recognition), Defendants adopted the trade name and Infringing Mark in violation of Plaintiff's exclusive rights in its Trademarks.

17. Defendants' adoption of the Infringing Mark, and its use in connection with goods and services identical to Plaintiff, is unauthorized by Plaintiff, and constitutes a violation of Federal Law, including but not limited to the Lanham Act (15 U.S.C. §§ 1051 *et seq*.). Defendants' adoption and use of the Infringing Mark also constitutes a violation of New Jersey State and Common Law and New York Common Law, and infringes upon Plaintiff's Trademarks.

18. Defendants' unlawful acts of infringement include (but are not limited to) the following:

    (i)    adopting "Bagels 4U" as Defendants' trade name, and using same in branding;

    (ii)    displaying prominent signage on their bagel store with the Infringing Mark;

    (iii)    utilizing the Infringing Mark in advertising/marketing materials;

    (iv)    using the Infringing Mark on menus and other print materials available to the public at their bagel store, and in connection with the offering of goods and services including bagels, bagel sandwiches, baked and other similar goods; and

---

[4] By way of example, Plaintiff's Bagels-4-U Metuchen store, located at 403 Main Street, Metuchen, NJ 08840, is less than ten (10) miles from Defendants' competing store in Staten Island, and is frequented by customers from Staten Island (and New York in general) on a regular basis due to its close proximity. **See also** Exhibit F and the exhibits annexed thereto.

    (v)    holding the business and services out as, and advertising the establishment online with the infringing mark, "Bagels 4U".

Attached as "**Exhibit D**" are pictures and examples of Defendants' use of the Infringing Mark.

19. The Infringing Mark adopted and used by Defendants is identical to Plaintiff's "Bagels-4-U" mark, with the exception that the hyphens in Plaintiffs' mark have been removed (i.e., "Bagels 4U").

20. Defendants have been engaged in the advertising, promotion, and offering for sale of its goods and services, including offering goods (i.e., bagels, bagel chips, bagel sticks, and bagel sandwiches) and restaurant services using the Infringing Mark.

21. Defendants have provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark, the offering goods (i.e., bagels, bagel chips, bagel sticks, and bagel sandwiches) and restaurant services, that are the same (or otherwise closely related to the) services provided by Plaintiff under their Trademarks. The parties' goods and services all fall within the same trademark classes (i.e., bagels, bagel chips, bagel sticks, and bagel sandwiches ***and*** restaurant services, respectively), and involve the offering and sale of bagels and related goods/products together with the offering of restaurant services.

22. Upon information and belief, Defendant has also marketed, advertised, and promoted its offering of goods (i.e., bagels, bagel chips, bagel sticks, and bagel sandwiches) and restaurant services under the Infringing Mark to the same type of customers, and through the same marketing, advertising, and promotional channels (i.e., the internet and printed materials) as Plaintiff. Defendant advertises and utilizes "Bagels 4U" signage at its bagel store, and is prominently displayed at same. Plaintiff's signage and advertising is similar if not identical to Defendants. See Plaintiff's and Defendants' storefront signage annexed hereto as "**Exhibit E-1 and E-2**", respectively.

23. Defendant's infringing acts as alleged herein have caused (and are likely to cause) confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' services, and have deceived (and are likely to deceive) the relevant consuming public into mistakenly believing that Defendants' services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.  Not only are Defendants using the Infringing Mark to promote the exact same services as Plaintiff, but they have done so for the precise improper purpose of utilizing the goodwill of Plaintiffs' Trademarks to siphon and divert Plaintiffs' customers/profits.

24. The Infringing Mark is identical to Plaintiff's distinctive and famous Bagels-4-U trademark, first registered with the USPTO on December 7, 1993, and later renewed to remain in full force and effect through May 3, 2023.  Further, the Infringing Mark is identical to Plaintiff's well known service mark Bagels-4-U, first registered with the USPTO on August 24, 1993, and later renewed to remain in full force and effect through January 2, 2023.  The prominent use of the Infringing Mark, in the foregoing manner, intends to trade on the goodwill associated with Plaintiff's Trademarks.  Defendants' unlawful use creates the false impression that their goods and services originate from Bagels-4-U, Inc., or that Plaintiff is (somehow) connected to, or associated with, Defendants' goods and services.  As a result, the foregoing unlawful activity deceives customers, and causes confusion/mistake as to the origin/affiliation of Page Bagel's and Bagels-4-U, Inc.'s goods and services.

25. Defendants' infringing acts as alleged herein have resulted in actual confusion. Specifically, in December 2017, restaurant vendors and suppliers contacted Plaintiff to inquire whether the company opened a new storefront location in Staten Island (i.e., Defendants' bagel

store). The vendors/suppliers that service both Plaintiff and Defendant were confused and mistaken as to the origin/affiliation of Defendants' goods and services with Plaintiffs.

26. On February 7, 2018, Plaintiff's counsel sent a cease and desist letter to Defendants objecting to Defendants' use of the Infringing Mark. Attached hereto as "**Exhibit F**" is a true and correct copy of the cease and desist letter.

27. Subsequently, Defendants' counsel contacted Plaintiff's counsel to confirm that they were willing to comply with the cease and desist letter and change the name of their bagel store. However, Plaintiffs' compliance consisted solely of placing a single sign with the name "Page", above the store's existing sign displaying the Infringing Mark. Moreover, Defendants' continued to display and use the Infringing Mark (unchanged in any fashion) on all other signage, menus, and printed materials in their bagel store. Attached hereto as "**Exhibit G**" are pictures documenting the Infringing Mark as of March of 2018.

28. On March 22, 2018, Plaintiff's counsel sent a second cease and desist letter to Defendants' counsel again objecting to Defendants' continued use of the Infringing Mark, and notifying them that their attempt to "comply" with the first cease and desist was wholly insufficient. Attached hereto as "**Exhibit H**" is a true and correct copy of the second cease and desist letter.

29. As of May of 2018, Defendants continue the use of the Infringing Mark with the addition of the word "Page" on top of the "Bagels 4U" mark on some, but not all, signage and advertising. Defendants' mark remains identical to Plaintiff's Trademarks, remains highly likely to cause confusion (and is causing confusion), and continues to constitute trademark infringement despite the addition of the word "Page". Furthermore, Defendant continues to advertise and

maintain signage with the Infringing Mark in its original "Bagels 4U" form. Attached hereto as "**Exhibit I**" are pictures documenting the Infringing Mark as of May of 2018.

30. To date, Defendants have not complied with the demands set out in Plaintiff's counsel's cease and desist letters. To date, Defendants' continue to use the Infringing Mark in violation of Plaintiffs' exclusive use of same.

31. Upon information and belief, Defendants' acts are willful, with the deliberate intent to trade on the goodwill of Plaintiff's Trademarks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods and services to Defendants.

32. Defendants' acts are causing (and will continue to cause) damage and immediate irreparable harm to Plaintiff, and to its valuable reputation and goodwill with the consuming public, for which Plaintiff has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark and Service Mark Infringement - Against All Defendants)**

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32" of the Complaint as though fully set forth at length herein.

34. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes trademark and service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Trademarks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

36. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

37. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116, 1117), together with prejudgment and post-judgment interest.

**SECOND CLAIM FOR RELIEF**
**(Federal Unfair Competition - Against All Defendants)**

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "37" of the Complaint as though fully set forth at length herein.

39. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

40. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

41. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

42. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

44. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116, 1117), together with prejudgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
**(Federal Trademark and Service Mark Dilution - Against All Defendants)**

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "44" of the Complaint as though fully set forth at length herein.

46. Plaintiff's Trademarks are distinctive and are a "famous mark" within the meaning of 15 U.S.C. § 1125(c).

47. Plaintiff's Trademarks became distinctive and famous prior to the Defendants' acts as alleged herein.

48. Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Trademarks.

49. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Trademarks by undermining and damaging the valuable goodwill associated therewith.

50. Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to damage Plaintiff, which has no adequate remedy at law.

51. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116, 1117), together with prejudgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
**(Contributory Trademark and Service Mark Infringement - Against Defendant Syed Gillani)**

52. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "51" of the Complaint as though fully set forth at length herein.

53. On information and belief, Defendant Syed Gillani directed and controlled Defendant Page Bagels to use the Infringing Mark. Defendants have used the Infringing Mark in U.S. commerce. Such use was not authorized by Plaintiff.

54. Defendant Syed Gillani has thus induced, caused, and materially contributed to the infringing acts of Defendant Page Bagels by inducing, allowing, and assisting it to infringe on Plaintiff's Trademarks.

55. Defendant Syed Gillani's contributory infringement as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant Page Bagels' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant

Page Bagel's goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

56. Defendant Syed Gillani's contributory conduct as alleged herein constitutes use of a false designation of origin, and misleading description and representation of fact.

57. Defendant Syed Gillani's contributory conduct as alleged herein has diluted and will, unless enjoined, continue to dilute and is likely to dilute the distinctive quality of Plaintiff's famous Trademarks.

58. Upon information and belief, Defendant Syed Gillani's contributory conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant Page Bagel's goods and services with Plaintiff.

59. Defendant Syed Gillani has realized unlawful profits, gains, and advantages as a proximate result of its contributory infringement.

60. Defendant Syed Gillani's contributory conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

61. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Syed Gillani's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116, 1117), together with prejudgment and post-judgment interest.

## FIFTH CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition Under New Jersey Statutory Law - Against All Defendants)

62. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "61" of the Complaint as though fully set forth at length herein.

63. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

64. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

65. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

66. Defendant's conduct as alleged herein constitutes trademark infringement and unfair competition in violation of N.J.S.A. §§ 56:4-1 *et seq*.

67. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

68. Plaintiff is entitled to, among other relief, injunctive relief and an award of damages, which may be trebled under N.J.S.A. § 56:4-2.

## SIXTH CLAIM FOR RELIEF
### (Trademark Infringement, Unfair Competition, and Dilution Under New Jersey Common Law - Against All Defendants)

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "68" of the Complaint as though fully set forth at length herein.

70. Plaintiff's continuous use of its Trademarks and "Bagels-4-U" mark in commerce is senior to Defendants' use of the Infringing Mark.

71. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

72. Upon information and belief, Defendants conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant Page Bagel's goods and services with Plaintiff.

73. Defendants have realized unlawful profits, gains, and commercial advantages as a result of its use of the Infringing Mark. Defendants have willfully, and in bad faith, siphoned profits and customers from Plaintiff and have gained an unfair advantage over Plaintiff through use of the Infringing Mark.

74. Defendants' conduct therefore constitutes trademark infringement under New Jersey common law.

75. Defendants' unauthorized use of the Infringing Mark has lessened the capacity of the mark to identify and distinguish Plaintiff's services, thereby diluting the value of Plaintiff's Trademarks.

76. Plaintiff is entitled to, among other relief, injunctive relief and an award of damages for Defendants' unauthorized use of the Infringing Mark.

77. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF**
**(Trademark Infringement, Unfair Competition, and**
**Dilution Under New York Common Law - Against All Defendants)**

78. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "77" of the Complaint as though fully set forth at length herein.

79. Plaintiff's continuous use of its Trademarks and "Bagels-4-U" mark in commerce is senior to Defendants' use of the Infringing Mark.

80. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

81. Upon information and belief, Defendants conduct as alleged herein is willful and is intended to, and is likely to, cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant Page Bagel's goods and services with Plaintiff.

82. Defendants' have realized unlawful profits, gains, and commercial advantages as a result of its use of the Infringing Mark. Defendants have willfully, and in bad faith, siphoned profits and customers from Plaintiff and have gained an unfair advantage over Plaintiff through use of the Infringing Mark.

16

83. Defendants' conduct therefore constitutes trademark infringement under New York common law.

84. Defendants' unauthorized use of the Infringing Mark has lessened the capacity of the mark to identify and distinguish Plaintiff's services, thereby diluting the value of Plaintiff's Trademarks.

85. Plaintiff is entitled to, among other relief, injunctive relief and an award of damages for Defendants' unauthorized use of the Infringing Mark.

86. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## JURY DEMAND

87. Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby requests a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. That judgment be entered in favor of Plaintiff on all causes of action set forth herein.

B. Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

   (i) providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any services bearing the mark "Bagels-4-U" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's "Bagels-4-U" marks;

   (ii) engaging in any activity that infringes Plaintiff's rights in its Trademarks;

   (iii) engaging in any activity constituting unfair competition with Plaintiff;

    (iv)    making or displaying any statement, representation, or depiction that is likely to lead the public (or the trade) to believe that Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, franchised by or associated, affiliated, or otherwise connected with Plaintiff, or that Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, franchised by or associated, affiliated, or otherwise connected with Defendants;

    (v)    using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff, or tend to do so;

    (vi)    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Plaintiff's Trademarks or any other mark that infringes or is likely to be confused with Plaintiff's Trademarks or with any goods or services of Plaintiff, or Plaintiff as their source; and

    (vii)    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by subparagraphs (i) through (vi).

C. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services.

D. Directing Defendants to immediately:

    (i)    cease all manufacturing, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Trademarks;

    (ii)    direct all other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the

        Trademarks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Trademarks; and,

    (iii) to immediately remove all such goods and services from public access and view.

E. Directing Defendants to formally abandon with prejudice any and all of their applications to register the Infringing Marks or any mark consisting of, incorporating, or containing Plaintiff's Trademarks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

F. Directing Defendants to cancel with prejudice any and all registrations for the Infringing Marks or any mark consisting of, incorporating or containing Plaintiff's Trademarks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

G. Directing Defendants, pursuant to 15 U.S.C. § 1116(a), to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

H. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with 15 U.S.C. § 1117(a) and/or N.J.S.A. 56:4-2.

I. Directing that Defendants account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

J. Declaring that this is an exceptional case pursuant 15 U.S.C. § 1117(a) and awarding Plaintiff its costs and reasonable attorneys' fees.

K. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

L. Awarding Plaintiff damages and injunctive relief pursuant to New Jersey statutory and common law and/or New York common law.

M. Awarding such other and further relief as this Court deems just, proper, and equitable.

Dated: New York, New York
May 30, 2018

**TUREK ROTH GROSSMAN LLP**

By: _____
    Jason A. Grossman
    Zachary C. Hall

377 Fifth Avenue - 6th Floor
New York, New York 10016
(212) 223-3562

*Attorneys for Plaintiff Bagels-4-U, Inc.*